HEATHER D. HEARNE (SBN 254496)
**THE KULLMAN FIRM**
A Professional Law Corporation
10233 South Parker Road, Suite 300
Parker, CO 80134
Tel. : (720) 447-6628
Fax : (225) 906-4230
Email: hdh@kullmanlaw.com

Attorneys for Defendants
Target Corporation & Rodolfo Perez

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CESAR CHAVEZ,<br><br>Plaintiff,<br><br>vs.<br>TARGET CORPORATION, a limited liability company, RODOLFO PEREZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**DEFENDANTS TARGET CORPORATION'S & RODOLFO PEREZ'S NOTICE OF REMOVAL**<br><br>**COMPLAINT FILED: January 21, 2026**<br><br>[Declarations of Heather D. Hearne and Adam Klarfeld filed concurrently herewith]<br><br>Removed from Kern County Superior Court, Case No. 26CUB00208 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF CESAR CHAVEZ AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Target Corporation ("Target") and Rodolfo Perez ("Mr. Perez") (together, "Defendants") file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), to affect

the removal of the above-captioned action, which was commenced in the Superior Court of the State of California for the County of Kern as Case No. 26CUB00208, and state that the removal is proper for the following reasons:

**TIMELINESS OF REMOVAL**

1. Plaintiff Cesar Chavez ("Plaintiff" or "Chavez") filed his complaint against Defendants on January 21, 2026 ("Complaint") and served it on Defendant Target on January 29, 2026. *See* Declaration of Heather D. Hearne ("Hearne Dec."), Ex. 1 (Summons and Complaint) filed concurrently herewith.

2. Defendant Rodolfo Perez was served with the Complaint and accompanying documents on or around February 15, 2026, via registered mail. Hearne Decl., ⁋ 4.

3. "[A] notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants' notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after service of the Complaint was completed.

**SUMMARY OF FACTS GIVING RISE TO REMOVAL**

4. Plaintiff's Complaint alleges twelve causes of action against Defendants Target Corporation and Rodolfo Perez:

(1) Retaliation for Exercising CFRA Rights (Government Code § 12945.2);

(2) Wrongful Termination in Violation of Public Policy;

(3) Whistleblower Retaliation (Labor Code § 1102.5);

(4) Whistleblower Retaliation (Labor Code § 6310);

(5) Retaliation for Exercising Labor Code Rights (Labor Code § 98.6);

(6) Negligent Hiring, Supervision, and Retention;

(7) Violation of Paid Sick Leave Requirements (Labor Code § 248.5);

(8) Failure to Timely Pay Final Wages at Separation (Labor Code §§ 201-203);

(9) Failure to Provide Accurate Itemized Wage (Labor Code § 226);

(10) Failure to Maintain Required Payroll and Employment Records (Labor Code § 1198.5);

(11) Failure to Provide Employment Records Upon Request (Labor Code §§ 226, 1198.5); and

(12) Unfair Business Practices (Business & Professional Code §§ 17200, *et seq.*).

*See* Complaint.

5. All defendants consent to and join in this removal.

**SUMMARY OF FACTS GIVING RISE TO REMOVAL UNDER § 1332(a)**

6. Defendants have a good faith basis to believe that removal is proper under 28 U.S.C. § 1332(a) as complete diversity exists, and the amount placed in controversy by Plaintiff's Amended Complaint exceeds $75,000. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441. Because the parties and interests are diverse, and a good faith reading of the Complaint shows that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, federal jurisdiction is appropriate, and this action is properly removed pursuant to § 1441 and § 1332(a).

**A. Complete Diversity of Citizenship Exists.**

7. To remove under Section 1332(a), complete diversity must exist – meaning that no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a); *Edrington v. Barr*, No. 16-CV-07395-JSC, 2017 WL 106145, at *1 (N.D. Cal., Jan. 11, 2017).

8. Target Corporation is a corporation incorporated under the laws of Minnesota with its headquarters and principal place of business in Minnesota. *See* Declaration of Adam Klarfeld ("Klarfeld Dec."), ⁋ 3. A corporation shall be deemed a citizen of every state by which

it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Accordingly, Target is a citizen of Minnesota.

9. Plaintiff, as alleged in his Complaint, is a resident of Kern County, California. *See* Complaint, ⁋ 1. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citations and quotations omitted). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also, Ervin v. Ballard Marine Construction, Inc.*, No. 16-cv-02931-WHO, 2015 WL 4239710 (N.D. Cal., Aug. 11, 2016). As such, based on a good-faith reading of the Complaint, Plaintiff is a citizen of California.

10. Mr. Perez is a resident of California, where he resides and worked for Target Corporation. Complaint, ⁋⁋ 1, 11. However, Mr. Perez has been fraudulently joined in this action by Plaintiff to defeat diversity. Thus, his citizenship should be disregarded for the reasons set forth below.

11. As Plaintiff is a citizen of California, and Target is a citizen of Minnesota, there is complete diversity among the parties, absent Mr. Perez's fraudulent joinder in this matter.

12. Finally, the presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded."). Thus, the parties are completely diverse, which meets the first element of establishing diversity jurisdiction for the purpose of removal.[1]

[1] The citizenship of unnamed defendants is irrelevant. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1424 (9th Cir. Cal. 1989); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *California ex rel. Bates v. Mortg. Elec. Registration Sys., Inc.*, No. 2:10-CV-01429, 2010 WL 2889061 (E.D. Cal. July 21, 2010) (holding that "Congress obviously reached the conclusion that the Doe defendants should not defeat diversity jurisdiction").

**(a) Mr. Perez is Fraudulently Joined.**

13. The doctrine of fraudulent joinder is an exception to the requirement of complete diversity and allows courts to disregard a sham defendant if a plaintiff's complaint fails to state a valid claim against him. As the Ninth Circuit ruled in *McCabe v. General Foods Corp.*, 340 F.3d 824, 826 (9th Cir. 1987): "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." In *McCabe,* the plaintiff's joinder of individual supervisors as defendants did not destroy diversity of citizenship because he failed to state a cause of action under California law against them: "If the plaintiff fails to state a cause of action against a resident defendant . . . the joinder of the resident defendant is fraudulent." *Id.* (citation omitted); *see also, Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067–68 (9th Cir. 2001) (non-diverse defendant properly deemed fraudulently joined and disregarded when plaintiff's complaint failed to state claim against defendant as matter of law); *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003) (quoting *McCabe*, 340 F.3d 824, 826); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20 (9th Cir. 1998) (where there is a state law defense that would subject plaintiff's claim to demurrer for failure to state cause of action, non-diverse defendant is considered sham defendant for purposes of removal); *Scopas v. Armstrong World Indus., Inc.*, No. CV-83-4290, 1983 WL 31080, at *3–5 (C.D. Cal. Oct. 5, 1983) (discharged employee's joinder of former supervisor as non-diverse party was fraudulent; plaintiff could state no valid cause of action against him), *aff'd,* 770 F.2d 171 (9th Cir. 1985).

14. Absent actual fraud in the pleadings of jurisdictional facts, a party asserting fraudulent joinder must prove an inability to establish a cause of action against the forum defendant in state court. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009). As such, the question is whether it is obvious from the Complaint that Plaintiff has no valid claim against Mr. Perez. *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th

Cir. 2007). In this case, the standard is met because none of Plaintiff's causes of action can be legally asserted against an individual supervisor.

15. Indeed, Plaintiff has asserted all twelve claims against Mr. Perez, but he has failed to establish how such claims are legally cognizable against an individual and fails to allege plausible facts specifically directed towards Mr. Perez to support his claims. "[C]omplaints that lump defendants together without adequately distinguishing claims and alleged wrongs among the defendants are improper." *Culinary Studios Inc. v. Newsom*, 517 F.Supp. 3d 1042,1074-75 (E.D. Cal. 2021). "Generally, [s]pecific identification of the parties to the activities alleged by the plaintiffs is require[d]… to enable [a] defendant to plead intelligently." *Id.* at 1074 (citing *Flores v. EMC Mortg. Co.*, 997 F.Supp. 2d (E.D. Cal. 2014)).

16. Mr. Perez was not Plaintiff's immediate supervisor, nor was he responsible for any of the alleged actions Plaintiff describes in his Complaint in support of his retaliation claims. Plaintiff's only substantive reference to Mr. Perez in his entire Complaint is the following sentence: "Plaintiff was called to a meeting at the battery station area with Defendant Rodolfo Perez, an operations manager, and senior HR representative Denise." *See* Complaint, ⁋ 17; *see also,* Klarfeld Decl., ⁋ 4. Meeting with an employee to discuss their employment status is not grounds for retaliation. As the California Supreme Court has stated, "it is bad policy to subject supervisors to the threat of a lawsuit every time they make a personnel decision." *See Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 987 (N.D. Cal. 2016) (quoting *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1167 (2008). As such, this single fact does not raise a triable issue of any of the twelve asserted claims against Mr. Perez.

17. Further, even if Plaintiff had alleged additional facts specific to Mr. Perez, his claims still fail. California courts have assessed liability for all twelve of Plaintiff's claims and not one of them is properly alleged against an individual supervisor. Specifically, California courts have consistently held that individual supervisors are not personally liable for retaliation

claims under employment discrimination statutes.[2] *See Miklosy v. Regents of Univ. of California,* 44 Cal. 4th 876, 901, fn.8 (2008) ("The supervisor, when taking retaliatory action against the employee, is necessarily exercising authority the employer conferred on the supervisor, and it is *only that authority* that makes the supervisor's action injurious, not the action in itself. Thus, in a retaliation case, it is the employer's adverse employment action that constitutes the substance of the tort, and the supervisor's action merges with that of the employer."); *Franey v. Advanced Micro Devices, Inc.*, No. 25-CV-06693-SVK, 2025 WL 3281420, at *4 (N.D. Cal. Nov. 25, 2025) (agreeing that each of plaintiff's four causes of action for wrongful termination in violation of public policy and retaliation in violation of Labor Code Sections 98.6, 1102.5, 6310, and 6311 provide remedies **exclusively against a plaintiff's employer**).

18. Additionally, the California Supreme Court has held that "the common law *Tameny* cause of action for wrongful termination in violation of public policy lies only against an employer."[3] *See Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 901 (2008) ("We see no analogous justification for imposing personal liability on supervisorial employees based on a common law tort that depends on the existence of an employer-employee relationship between the tortfeasor and the victim."); *Lloyd v. Cnty. of Los Angeles*, 172 Cal. App. 4th 320, 330 (2009) (A "common law *Tameny* cause of action for wrongful termination, or a claim of retaliation, lies only against the employer, not against the supervisor through whom the employer commits the tort.").

19. California law is also unequivocal that claims for negligent hiring, supervision, and retention are directed exclusively at the employer as the hiring entity and do not lie against individual employees or supervisors.[4] *See Liberty Surplus Ins. Corp. v. Ledesma & Meyer*

---

[2] Plaintiff's first, third, fourth, and fifth causes of action.
[3] Plaintiff's second cause of action.
[4] Plaintiff's sixth cause of action.

*Constr. Co.*, 5 Cal. 5th 216, 222 (2018) ("It is important to keep in mind that a cause of action for negligent hiring, retention, or supervision seeks to impose liability on the employer, not the employee."). By definition, such claims rest on the employer's direct negligence in hiring or retaining an unfit employee and therefore cannot be asserted against a supervisory employee who lacks independent hiring authority in his individual capacity. The same principle applies to alleged violations of payroll and record-keeping requirements under California's wage-and-hour law.[5] *See* Labor Code §§ 248.5, 201-203, 226, and 1198.5. *See Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005), *as modified* (Sept. 7, 2005), and *abrogated by Martinez v. Combs*, 49 Cal. 4th 35, 231 P.3d 259 (2010); *Martinez v. Combs*, 49 Cal. 4th 35, 66 (2010), *as modified* (June 9, 2010) ("The opinion in *Reynolds*, properly holds that the IWC's definition of "employer" does not impose liability on individual corporate agents acting within the scope of their agency"). Therefore, Mr. Perez cannot be held liable for statutory obligations even when he was acting within the scope of his employment as Target's Operations Manager.

20. Notably, California courts typically apply unfair business practice claims to the business entity itself rather than individual employees acting within the scope of their employment.[6] Plaintiff does not allege a single fact against Mr. Perez to support a claim for a violation of Business and Professions Code sections 17200, *et seq*. *See Dangaard v. Instagram, LLC*, No. C 22-01101 WHA, 2022 WL 17342198, at *7 (N.D. Cal. Nov. 30, 2022) ("[A company] can, of course, be held liable for violations of Section[ ] 17200 . . . by its employees, [but] [the company owner's] individual liability must be predicated on his personal participation in the unlawful practices."). Mr. Perez does not possess any control over Target Corporation, nor was he personally involved in the allegations Plaintiff asserts in his Complaint. Specifically, calling Plaintiff into a meeting with HR to discuss his employment status is not a deviation from Mr. Perez's typical job duties as an Operations Manager.

---

[5] Plaintiff's seventh through eleventh causes of action.
[6] Plaintiff's twelfth cause of action.

21. Accordingly, because Plaintiff's claims against Mr. Perez are not viable, Mr. Perez should be disregarded as a sham defendant.

**B. <u>The Amount in Controversy Exceeds $75,000.</u>**

22. Where a complaint "fails to allege a sufficiently specific total amount in controversy … [courts] apply the preponderance of the evidence burden of proof to the removing defendant." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (citation omitted). The preponderance standard is not a "daunting" standard. *See Thompson et. al. v. Fastaff, LLC*, Case No. 2:22-cv-3584-SVW-MAA, 2022 WL 4109450, at *5 (C.D. Cal. Sept. 8, 2022) (citing *Muniz v. Pilot Travel Centers LLC,* No. S-07-0325, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007)). Defendants are not obligated to "research, state, and prove the plaintiff's claims for damages." *Id.* (citation and quotation omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). A removing defendant must simply produce underlying facts or evidence demonstrating **more likely than not** the amount in controversy exceeds the threshold amount. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996) ("[D]efendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the threshold] amount.") (citation and quotation omitted); *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is what amount is "put in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

23. The United States Court of Appeals for the Ninth Circuit has reiterated that in the removal context, courts are not confined to simply the face of a complaint when assessing whether the amount in controversy has been met. *See Valdez*, 372 F.3d at 1117. Accordingly, district courts may employ judicial experience and common sense in determining whether it is apparent from a complaint that the amount in controversy is sufficient to meet federal jurisdictional requirements. *See Hammarlund v. C.R. Bard, Inc.*, Case No. 2:15-cv-05506-

SVW-JEM, 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015) (citing *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).

24. Here, the amount placed in controversy by Plaintiff's claims far exceeds the $75,000 jurisdictional threshold. This statement is not an admission of guilt on behalf of Defendants, nor do Defendants concede liability for any of the claims alleged by Plaintiff. As a result of the above-referenced allegations, Plaintiff seeks special damages, including past and future lost earnings, employment benefits, emotional distress, humiliation, mental anguish, and other punitive damages. *See* Complaint at Prayer For Relief.

**a. Alleged Lost Wages, Alone, Meets the Statutory Minimum.**

25. Because Plaintiff has brought FEHA claims and alleged lost past and future earnings, the Court should consider both back pay and front pay in the amount put at controversy:

> A plaintiff alleging a violation of the Fair Employment and Housing Act ("FEHA") may seek both back pay and front pay. For purposes of determining the amount in controversy, courts have considered back pay as the wages lost from the date of termination to the time of removal, and front pay as the wages lost from the date of removal until trial. If a trial date has not been set, courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay.

*Olvera v. Quest Diagnostics,* No. 219-CV-06157-RGK-SK, 2019 WL 6492246, at *2 (C.D. Cal., Dec. 2, 2019) (internal citations omitted).

26. Plaintiff alleges that he was hired in or around June 28, 2009, and discharged on or around June 10, 2025. *See* Ex. 1 (Complaint), ¶¶ 11,17. Prior to his termination, Plaintiff worked as a Level 3 Mechanic Technician. *Id.* ¶ 11. Plaintiff earned at least $40/hour and completed 10-hour workdays for a total of 40 hours per week. See Complaint, ¶ 11. Pursuant to California's overtime laws, this would equate to 32 hours of straight time and 8 hours of

overtime each week or $1,760.[7] A calculation of Plaintiff's lost wages from his termination date of June 10, 2025, through the date of removal (February 27, 2026)—a time period of 266 days or 38 weeks—equals $66,880. Assuming this case goes to trial a mere six months (23 weeks) following removal, on August 7, 2026, Plaintiff's estimated lost wages would alone exceed the jurisdictional threshold with a total $107,360.00.[8] See *Olvera*, 2019 WL 6492246, at *2; *Fisher v. HNTB Corporation,* No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 (C.D. Cal., Dec. 3, 2018) ("The parties have not set a trial date; however, the Court finds Defendants' proposed date of trial for purposes of this motion—one year from the date of removal—is a conservative estimate of the trial date.").

**b. Emotional Distress and Punitive Damages.**

27. Plaintiff has alleged emotional distress and seeks punitive damages. Complaint, Prayer for Relief (a), (h). Both emotional damages and punitive damages can be included in the amount in controversy for diversity jurisdiction. *Reyes v. Staples Office Superstore, LLC,* No. CV 19-07086-CJC(SKX), 2019 WL 4187847, at *4 (C.D. Cal., Sept. 3, 2019) ("It is well established that punitive damages are part of the amount in controversy in a civil action. . . . Emotional distress damages may be considered in determining the amount in controversy.") (internal citations and quotations omitted).

28. "Establishing probable emotional distress damages is done the same way as for punitive damages—by introducing evidence of jury verdicts from cases with analogous facts." *Id.* In *Martinez v. Rite Aid Corporation*, No. BC401746, 2018 WL 4354151 (2018), a woman alleged that she was wrongfully terminated and experienced emotional distress after taking a disability leave of absence for depression. The eventual jury verdict for the emotional distress component was $4,000,000. Similarly, in *Kovakka v. Litton Systems, Inc. et al.*, No. JVR No.

---

[7] $40 *times* 32 hours *equals* $1,280. $40 *times* 1.5 *times* 8 hours *equals* $480. $1,280 *plus* $480 *equals* $1,760. Cal. Lab. Code § 510.

[8] $1,760 *times* 23 weeks *equals* $40,480. $40,480 *plus* $66,880 *equals* $107,360.

190735, 1996 WL 777258 (1996), a man alleged wrongful termination. As a result of his termination, he claimed that he suffered emotional distress, loss of concentration, anxiety, depression, and was rendered unemployed. The jury awarded him $500,000 in punitive damages. Finally, in *Mackey v. Helinet Aviation et al.*, No. BC528671, 2016 WL 737961 (2016), the jury awarded a woman $1,020,000 for past and future emotional distress, physical pain, loss enjoyment of life, and humiliation, after finding her former employer liable for wrongful termination and retaliation.

29. Based on these jury verdicts, there can be no doubt that the alleged emotional distress (for which Defendants deny any responsibility), particularly in conjunction with Plaintiff's back and front wages, meets the $75,000 jurisdictional requirement.

**THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER**

30. Based on the foregoing facts and allegations, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because:

(a) the amount in controversy exceeds $75,000, exclusive of interests and costs, and

(b) the controversy is between citizens of different states.

31. Accordingly, this action is properly removable under 28 U.S.C. §1441, 1446.

32. In addition, the United States District Court for the Eastern District of California is the federal judicial district embracing the Superior Court for the County of Kern, where the suit was originally filed. 28 U.S.C. § 84(c)(2); *see also* 28 U.S.C. § 1441(a).

33. True and correct copies of the Summons and Complaint are filed concurrently herewith as Exhibits 1–4 to the Hearne Declaration. This constitutes the complete record of all records and proceedings in the state court and are appended hereto as required by 28 U.S.C. § 1446(a). *See* Hearne Decl., Ex. 4 (Docket Sheet).

34. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk for the Kern County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Wherefore, Defendants hereby remove this action from the Superior Court of California in and for the County of Kern.

Dated: February 27, 2026

Respectfully submitted,

HEATHER D. HEARNE (Ca. Bar No. 254496)
THE KULLMAN FIRM, PLC
10233 South Parker Road, Suite 300
Parker, CO 80134
Tel. : (720) 447-6628
Fax : (225) 906-4230
E-mail : hdh@kullmanlaw.com

Attorney for Defendants
TARGET CORPORATION & RODOLFO PEREZ

## PROOF OF SERVICE

I am employed with The Kullman Firm in Baton Rouge, Louisiana. I am over the age of 18 and not a party to this action.

On **February 27, 2026,** I caused the foregoing document(s) described as **DEFENDANTS' TARGET CORPORATION & RODOLFO PEREZ NOTICE OF REMOVAL, DECLARATION OF HEATHER D. HEARNE WITH EXHIBITS, DECLARATION OF ADAM KLARFELD AND CIVIL COVER SHEET** to be served on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

LAUREL EMPLOYMENT LAW
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Seoyoung Mia Ahn (State Bar No. 341093)
mia.ahn@laurelemploymentlaw.com
808 Wilshire Boulevard, Suite 200
Santa Monica, CA 90401
Telephone: (323) 551-9221
Facsimile: (310) 564-4093
*Attorney for Plaintiff*

**X** **VIA ELECTRONIC MAIL**

Based on a court order, Rules of Court, or an agreement of the Parties to accept electronic service, I caused the documents to be sent to the person(s) at the email addresses set forth above.

**X** **STATE**

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **February 27, 2026,** at Baton Rouge, Louisiana.

By: [signature]
Grace N. Frantz